IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY MULLER,

   Plaintiff,

 v.                                                                                                                     No. 14-cv-0953 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

   Defendant.

## ORDER GRANTING ATTORNEY FEES UNDER EAJA

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support [Doc. 27], filed on January 19, 2016. The Commissioner responded on January 26, 2016. [Doc. 28]. Plaintiff has not filed a reply, and none is needed. The parties consented to the undersigned's entering final judgment in this case. [Doc. 11]. Having reviewed the briefs, the record, and the applicable case law and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be granted. Plaintiff should be awarded $7,927.20 in attorney fees.

### Standard of Review

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475

F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, Nos. 08-5080, 08-5082, 297 F. App'x 807, 809, 2008 WL 4726236, at *2 (10th Cir. Oct. 28, 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

## Analysis

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am.*, 353 F.3d at 975. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.*

In this case, Plaintiff requests $7,927.20 for 42.15 hours of work performed in 2014 and 2015, at rates between $188 and $190 per hour. [Doc. 27]. The Commissioner objects only to the number of hours requested. [Doc. 28]. She does not challenge the hourly rates, nor does she argue that her position was substantially justified. *Id.* at 1. She asks the Court to exercise its discretion to reduce the number of hours by 15 to a total of 27.15, for a total award of $5,107.20. *Id.* at 2. She points out that the administrative record in this case was relatively short, fewer than 500 pages. *Id.* at 2–3. She argues that the disputed issues were not unusual or complex. *Id.* Finally, she argues that Plaintiff's opening brief made only "ordinary" arguments that should not have required significant legal research. *Id.*

The Court finds that the 42.15 hours requested only slightly higher than the average range for social security appeals in this district. *See generally Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (citing *Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir.1990) (30 to 40 hours was the average amount of time spent on a social security case) and citing *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours in social security cases generally range from 20 to 40 hours)). Under the circumstances of this case, the Court is persuaded that 42.15 hours is reasonable.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 27], is **GRANTED**, and Plaintiff Johnny Muller is authorized to receive $7,927.20 for payment to his attorneys for services before this Court, as permitted by the Equal Access to Justice Act, 28

U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**