IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY MULLER,

  Plaintiff,

v.                                                                                                                         No. 14-cv-0953 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

  Defendant.

## ORDER GRANTING ATTORNEY FEES UNDER § 406(b)

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 30], filed on August 29, 2016. The motion seeks $4,938 in attorney's fees for legal services rendered before the Court. *Id*. at 1. The Commissioner responded on August 30, 2016; she does not object to the request for fees. [Doc. 31] at 1. On September 27, 2016, Plaintiff filed a supplement to his motion. [Doc. 33]. Otherwise, however, Plaintiff does not intend to file a reply. *See* [Doc. 32]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 11]. Having reviewed the briefs, the record, and the applicable case law and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be granted. Plaintiff should be awarded $4,938 in attorney fees.

### Procedural History

This case has a tortuous procedural history. As is relevant to the instant motion for fees, Plaintiff has litigated three cases in this Court and secured remands in all three. Plaintiff now

requests attorney fees under § 406(b) for two of the three federal court cases.[1]  *See* Affidavits of Michael Armstrong and Francesca MacDowell [Doc. 30-2] at 7–14, 16–20 (requesting fees for work in *Muller v. Astrue*, 12-cv-0538 LAM and *Muller v. Colvin*, 14-cv-0953 SMV).  Although counsel does not explicitly explain why he does not request fees for his work in the third federal court case, *Muller v. Colvin*, 15-cv-0485 LF, the Court infers that no fee is requested because the Commissioner voluntarily moved for remand before counsel filed an opening brief.

On the third remand from this Court, the ALJ held a supplemental hearing.  [Doc. 30-1] at 5.  On April 27, 2016, the ALJ issued a final administrative decision partially favorable to Plaintiff.  *See* Notice of Decision – Partially Favorable [Doc. 30-1] at 1, 15.  (The decision was only "partially favorable" because Plaintiff was not found to be disabled for the entire period of time that he claimed.  Plaintiff had claimed that he became disabled on February 9, 2009, but the ALJ found that he did not become disabled until January 27, 2011.  *Id.*)  Plaintiff was awarded back benefits in the amount of $43,752.  Notice of Award [Doc. 30-2] at 4.  The Commissioner has withheld $10,938 in attorney fees for legal representation before the Administration,[2] and an additional $4,938 for representation in federal court.  *Id.*

---

[1] At the agency-level, Plaintiff originally had filed three claims for benefits.  The first claim was filed in April 2008.  That claim was denied, and when Plaintiff failed to appeal the denial, he lost his right to judicial review.  Therefore, the April 2008 claim has never been before this Court.  Plaintiff filed his second claim in February 2009.  That claim was also denied but was appealed to federal court twice and remanded to the Commissioner both times.  *Muller v. Astrue*, 12-cv-0538 LAM (D.N.M.); *Muller v. Colvin*, 15-cv-0485 LF (D.N.M.).  Plaintiff filed a third claim in October 2010, which was also denied and appealed to this Court.  The undersigned granted remand.  [Doc. 25].  On remand of the third claim, the Commissioner awarded Plaintiff benefits.  *See* [Doc. 30-1] at 1–15.

[2] Under 42 U.S.C. § 406(a), the requested attorney fees for services performed before the Administration is properly a matter for the Administration to decide.  This Court awards fees only for services performed here.  *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

2

Plaintiff and his counsel entered into a contingency fee agreement providing that Plaintiff would pay his attorney not more than 25% of any back benefits in exchange for representation in federal court. This fee would be in addition to any fee that Plaintiff had agreed to pay for representation before the Administration. *See* Fee Agreement—Federal Court, [Doc. 30-2] at 15 (signed 2014); [Doc. 33-1] at 1 (signed 2012). Plaintiff's counsel has requested $4,938 for representation before this Court, which is about 11.3% of the back benefits awarded. [Doc. 30] at 5. Because the attorney fees at issue here are not paid by the government but, instead, are paid out of Plaintiff's benefits, the Commissioner has no interest in the instant motion for fees. [Doc. 30] at 1. She "has no objection to the [fee] petition in this case." *Id.*

## Standard

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration. In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1). "The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id.* at 128. Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically

provides that the court is expected to determine whether to allow attorney's fees.  *Id*. Traditionally, an award of attorney's fees is a matter within sound discretion of the court.  *Id*.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel."  535 U.S. at 792.  Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness.  *Id*.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved."  *Id.* at 808.  In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees.  *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations").  Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable.  *Gisbrecht*, 535 U.S. at 808.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*. at 807.

**Analysis**

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. Plaintiff signed two fee agreements, which are substantially similar. One was signed in 2012, and the other was signed in 2014. In all respects material to the instant motion, the Fee Agreements are verbatim and provide:

> FEE AGREEMENT—FEDERAL COURT
>
> . . . .
>
> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by [the] federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits.
>
> . . . .
>
> This agreement is in addition to any previous fee agreement I have signed with my attorney for representation before the Social Security Administration.

[Doc. 30-2] at 15; [Doc. 33-1] at 1. Thus, the Fee Agreements meet § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has the burden of demonstrating that his request for fees is reasonable under the circumstances. *Id*. The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case;

5

and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $4,938 is *more* than reasonable for his representation of Plaintiff before this Court. Counsel has represented Plaintiff vigorously in three appeals to this Court over more than four years, totaling 76.86 hours of attorney time. *See* [Doc. 30-2] at 7, 9–10, 11, 13–14. Counsel's representation was more than adequate; the results achieved were excellent. *See* [Doc. 30-1] at 1–15. Next, the Court finds that Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case (76.86 hours). *See* Affidavits of Michael Armstrong and Francesca MacDowell [Doc. 30-2] at 7–14, 16–20. If anything, the award is disproportionately small. It would equate to an effective hourly rate of $64.25. Considering counsel's experience and performance in this case, the Court finds the rate to be stunningly low.[3] Although counsel could have requested 25% of the back-pay award, as contemplated by the Fee Agreements and as permitted by the statute, *see Wrenn v. Astrue*, 525 F.3d 931, 937–38 (10th Cir. 2008), he has requested only 11.3%. The amount requested is not only reasonable to Plaintiff; it is an exceptional bargain.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 30] is

---

[3] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643 per hour).

GRANTED.

**GRANTED.**  Counsel is awarded **$4,938** in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.[4]

    **IT IS SO ORDERED.**

                                   _____
                                     **STEPHAN M. VIDMAR**
                                     **United States Magistrate Judge**
                                     **Presiding by Consent**

---

[4] This Court awarded $14,401.05 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* [Doc. 25] in 12-cv-0538 LAM (awarding $6,473.85 under EAJA); [Doc. 29] in 14-cv-0953 SMV (awarding $7,927.20 under EAJA).  However, counsel never actually received any payment because the entire amount was garnished to offset debt(s) Mr. Muller owed to the federal government. [Doc. 30] at 2 (explaining that the entire EAJA award was taken under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B)).  If counsel had received an award under EAJA, he would have been required to refund the smaller of either the EAJA fee or this § 406(b) fee to Mr. Muller in accordance with *Gisbrecht*, 535 U.S. at 796.

page number